**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**WILLIAM MCGINNIS**                                                                                          **PLAINTIFF**

**V.**                                                                                                   **CASE NO. 4:13CV32**

**STRYKER SALES CORPORATION AND
HOMEDICA OSTEONICS CORP.**                                                              **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the court on the motion for partial summary judgment **[5]** of defendants, Homedica Osteonics Corp. and Stryker Sales Corporation. William McGinnis has responded in opposition to the motion. Upon due consideration, the court finds the motion due to be granted.

This is a products liability action arising out of injuries sustained as a result of an allegedly defective prosthetic hip implant. At issue in the present motion is whether McGinnis' products liability claim is barred by the statute of limitations.

The complaint contains the following factual allegations. McGinnis underwent a hip implant on September 28, 2007. He experienced constant pain after this implant, and he underwent surgery in October 2009. During the surgery, the doctor discovered that the femoral component of the implant was "grossly loose". "The Plaintiff's original prosthetic hip required revision in a mere two (2) years. Based upon the onset of Plaintiff's pain, it is likely that his implant failure occurred much earlier than two years. A prosthetic hip failure within two (2) years is considered a gross premature failure." Defendant Stryker, a hip implant manufacturer,

issued recall letters as late as November 2007, though McGinnis did not receive notice of the recall until he saw a reference to it in a TV commercial in February 2012.

The parties agree that the applicable statute of limitations is found in Mississippi Code § 15-1-49. It provides:

> (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.
>
> (2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

Miss. Code § 15-1-49. The parties do not appear to have any disagreement on the facts, disagreeing instead on the date at which McGinnis should have discovered his injury. McGinnis contends that the three year period should begin to run on February 2012, because he never received any of the 2007 recall letters, allegedly "due to the negligence of Stryker". Defendants, on the other hand, allege that, at the very latest, the cause of action accrued on October 2, 2009, when McGinnis had surgery on his implant.

Fatal to McGinnis' contention is the Mississippi Supreme Court's interpretation of §15-1-49, stating that a cause of action accrues "upon discovery of the injury, *not discovery of the injury and its cause.*" *Angle v. Koppers, Inc.*, 42 So.3d 1, 7 (Miss. 2010)(emphasis original). Thus, McGinnis' concern that he did not receive notice of the recall is irrelevant to whether he had notice of his injury. His injury was apparent to him in October 2009, at the latest, when he had surgery on the implant he now claims to be defective. Therefore, this action having been filed in 2013, count 1 of McGinnis' complaint is barred by the three year statute of limitations.

In light of the foregoing, the motion for partial summary judgment is GRANTED. A separate order will issue accordingly.

SO ORDERED, this the 1st day of May, 2013.

        **/s/ MICHAEL P. MILLS**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF MISSISSIPPI**